21-3155
*Kennedy v. Hirsch*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand twenty-three.

PRESENT:

>       RICHARD C. WESLEY,
>       RICHARD J. SULLIVAN,
>       JOSEPH F. BIANCO,
>       *Circuit Judges.*

_____

JAMES KENNEDY, BESA KENNEDY,

>       *Plaintiffs-Appellants*,

>       v.                                                    No. 21-3155

CARMINA HIRSCH, née Tessitore, individual capacity, FREDERICK CARUSO, FREDERICK HINE, TOWN OF FAIRFIELD, CONNECTICUT,

>       *Defendants-Appellees.* *

_____

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiffs-Appellants:**         James Kennedy, Besa Kennedy, pro se, Farmington, CT.

**For Defendant-Appellee Carmina Hirsch:**         CRISTIN E. SHEEHAN, Morrison Mahoney LLP, Hartford, CT.

**For Defendants-Appellees Frederick Caruso, Frederick Hine, Town of Fairfield, Connecticut:**         ALAN R. DEMBICZAK, Howd & Ludorf, LLC, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa Lynne Bryant, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

James and Besa Kennedy, proceeding pro se, appeal from the district court's grant of summary judgment in favor of Detective Sergeant Frederick Hine, Detective Frederick Caruso, guardian ad litem Carmina Hirsch, and the Town of Fairfield, Connecticut (the "Town") on the Kennedys' federal civil-rights claims and assorted state-law claims. Specifically, the Kennedys alleged that Hirsch and Caruso conspired to draft and send a false incident report to the Family Court overseeing the custody dispute between Mr. Kennedy and his ex-wife; they also

alleged that Hine negligently supervised Caruso and that the Town was vicariously liable for the conduct of Caruso and Hine. We review a district court's "grant of summary judgment de novo, examining the evidence in the light most favorable to, and drawing all [reasonable] inferences in favor of, the non-movant." *Sullivan-Mestecky v. Verizon Commc'ns Inc.*, 961 F.3d 91, 97 (2d Cir. 2020) (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

As a preliminary matter, the Kennedys argue that the district court erred in finding that they improperly objected to the factual assertions set forth in Defendants' statement of undisputed material facts. We disagree. Under the District of Connecticut's Local Rules, a party opposing a motion for summary judgment must provide "a specific citation" to "the affidavit of a witness competent to testify as to the facts at trial, or [] other evidence that would be admissible at trial." D. Conn. L. Civ. R. 56(a)3. "Failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence in accordance with Local Rule 56(a)1, or . . . an order granting the motion [for summary judgment] if the motion and supporting materials show that the movant

3

is entitled to judgment as a matter of law." *Id.; see also* Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.") We are to afford "considerable deference" to a district court's interpretation and application of its local rules. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

Here, the district court combed through the Kennedys' two Local Rule 56(a)2 statements and found that "at multiple points" the Kennedys "simply state[d] 'objection' but provide[d] no basis for the objection, nor d[id] [they] cite to anything in the record establishing the basis for [the] objection." Sp. App'x at 7. We agree with the district court that the Kennedys' bareboned assertions and boilerplate objections without citations to the record were inadequate under the district's Local Rules. Accordingly, we decline to disturb the district court's rulings.

The Kennedys next argue that, as pro se litigants, they were entitled to amend their complaint "at least once" before their claims were dismissed.

4

Kennedy Br. at 10 (internal quotation marks omitted). But even if we put aside the fact that Mr. Kennedy is a licensed attorney who is not entitled to the solicitude afforded to ordinary pro se litigants, *see Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010), the record is clear that the Kennedys did in fact amend their complaint "at least once." Of course, the more glaring problem with this argument is that the district court granted summary judgment in favor of Defendants *not* because of any deficiencies in the Kennedys' pleadings, but because the Kennedys failed to offer evidence establishing elements of their claims. The Kennedys offer no explanation as to what an amended pleading would look like, much less how it would affect the sufficiency of the evidence required to withstand Defendants' motion for summary judgment. Accordingly, the district court did not err in failing to sua sponte provide the Kennedys with yet another opportunity to amend their complaint. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (concluding that "no court can be said to have erred in failing to grant a request [for leave to amend] that was not made," especially when the plaintiff has provided no "indication that [he] could – or would – provide additional allegations that might lead to a different result"); *see also Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (affirming district-court decision that "it would be futile to allow

5

[Plaintiff] to amend his complaint because the proposed claim . . . could not withstand an inevitable motion for summary judgment").

Turning to the merits of the district court's summary-judgment ruling, the Kennedys offer a grab bag of arguments challenging the district court's finding that there were no issues of material fact as to their claims. Again, we disagree.

*First*, the Kennedys dispute the district court's conclusion that Hirsch was not a state actor, noting that the court had previously determined that the complaint sufficiently alleged a conspiracy between Hirsch and Detective Caruso. But this argument ignores the fundamental difference between the standards that apply with respect to a motion to dismiss and those that apply to a motion for summary judgment. *Compare Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 52 (2d Cir. 2016) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)), *with D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998) ("[S]ummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law."). There was therefore no contradiction between the district court's initial determination that the

6

complaint sufficiently alleged a conspiracy and its later conclusion, made after reviewing the evidence at the summary-judgment stage, that no reasonable jury could find for the Kennedys on that claim. *See Maraschiello v. City of Buffalo Police Dep't*, 709 F.3d 87, 97 (2d Cir. 2013) (holding that law of the case doctrine does not bar a district court from "granting summary judgment based on evidence after denying a motion to dismiss based only on the plaintiff's allegations").

*Second*, the Kennedys argue that, with regard to their stigma-plus claim, the district court "improperly weighed the evidence in determining [that their] custodial rights were not altered." Kennedy Br. at 14–15. A stigma-plus claim requires that a plaintiff show "(1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (internal quotation marks omitted). Additionally, the "stigma" and "plus" must be "sufficiently proximate," a requirement that is satisfied "where (1) the stigma and plus would, to a reasonable observer, appear connected – for example, due to their order of occurrence or their origin – and (2) the actor imposing the plus adopted (explicitly or implicitly) those statements

7

in doing so." *Velez v. Levy*, 401 F.3d 75, 89 (2d Cir. 2005) (citations omitted).

Here, the Kennedys presented no evidence of a connection between the alleged false statement – the contents of the incident report – and the alleged alteration of rights that occurred in the Family Court and at the Kennedy children's school. Regarding the Family Court decision, the evidence revealed that the court did not receive the incident report until *after* it decided to hold the ex parte order in abeyance. Similarly, with regard to the Tennessee school officials' decision to release the children to their mother instead of Mr. Kennedy, there was no evidence that the school officials relied on the incident report or even knew about it at the time they permitted the children to leave with Mr. Kennedy's ex-wife. We therefore agree with the district court that summary judgment on the stigma-plus claim was appropriate.

*Third*, the Kennedys insist that the incident report caused them to be deprived of their right to familial association. Although a parent may bring "a claim under the Due Process Clause for infringement of the right to familial associations" where state actors "specifically intended to interfere with the family relationship," *see Gorman v. Rensselaer Cnty.*, 910 F.3d 40, 47–48 (2d Cir. 2018), such a claim may not proceed unless the plaintiff can show "that the defendant *caused*

8

the plaintiff to be deprived" of that right, *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (emphasis added).   Once again, because the Family Court and Tennessee school officials did not have the incident report prior to making their respective decisions, there can be "no genuine dispute as to whether the Incident Report caused the deprivation of [the Kennedys'] right to familial association."   Sp. App'x at 36.

*Fourth*, the Kennedys challenge the district court's conclusion that they presented no evidence of improper motive or concrete harm in connection with their First Amendment retaliation claim.   Where – as here – a private citizen brings a First Amendment claim, a plaintiff must show that retaliation was caused by the plaintiff's exercise of an interest protected by the First Amendment.   *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001); *see also Beechwood Restorative Care Ctr. v. Leeds*, 436 F.3d 147, 152 (2d Cir. 2006).   But once again, the Kennedys have offered no evidence establishing a causal connection between the drafting and publishing of the incident report and the alleged concrete harm – in this case, the denial of custody to the Kennedys.

We have considered the Kennedys' remaining arguments and found them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court